UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERYL CROCHET and ALEXANDRIA CROCHET, individually and on behalf of decedent, CHRISTOPHER CROCHET** | **CIVIL ACTION NO. 22-01076** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **SEADRILL AMERICAS, INC., ABC INSURANCE COMPANY, WEST NEPTUNE, FRANK'S INTERNATIONAL, LLC, DEF INSURANCE COMPANY, LLOG EXPLORATION COMPANY, LLC d/b/a LLOG BLUEWATER HOLDINGS, LLC, and XYZ INSURANCE COMPANY** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

## OPPOSITION TO MOTION TO TRANSFER VENUE

MAY IT PLEASE THE COURT:

Defendants, Frank's International, LLC, LLOG Exploration Company, LLC allegedly d/b/a LLOG Bluewater Holdings, LLC, and Seadrill Americas, Inc., seek to transfer this matter, which was originally filed in the 15th Judicial District Court of Lafayette, to the Eastern District Court in New Orleans on grounds that New Orleans is a more convenient forum. However, transferring venue in this case would not render this litigation any more convenient, and it would in fact cut against the consideration given to plaintiffs who choose their domicile as a venue for a lawsuit. Accordingly, and in the event this matter is not remanded back to the 15th Judicial District Court, defendants' Motion to Transfer should be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This Jones Act negligence claim arises out of the defendants' failure to promptly and adequately address and obtain treatment for a medical emergency that resulted in the death of

Christopher Crochet. On or about March 18, 2021, decedent, Christopher Crochet, was a Jones Act seaman employed by Franks Oilfield Services, LLC, and, by information and belief, was the Jones Act employee of Seadrill Americas and/or LLOG Exploration Company, LLC and/or LLOG Bluewater Holdings, LLC, assigned to the motor vessel *WEST NEPTUNE*, which was operating in navigable waters of the United States in the Gulf of Mexico off the coast of Louisiana. While he was performing work in the service of the *WEST NEPTUNE*, Mr. Crochet began to experience the hallmark symptoms of a heart attack and requested medical assistance.

Despite his clear presentation of symptoms, Mr. Crochet's requests for medical care went unanswered by the defendants. As a result of the defendants' failure to act, Mr. Crochet endured hours of suffering from this heart attack until he ultimately perished. Shockingly, at no point prior to his death was any first aid administered nor was any treatment sought by the defendants.

As a result of his death, this lawsuit was instituted in the 15th Judicial District Court by Mr. Crochet's surviving spouse, Cheryl Crochet, pursuant to the Savings to Suitors clause of the Jones Act. Suit was initiated in the 15th Judicial District Court of Lafayette because defendant Franks Oilfield Services, LLC, is domiciled in Lafayette as was Mr. Crochet and his family. At the same time, and out of an abundance of caution, suit was also filed in the 22nd Judicial District Court of St. Tammany which is where defendant LLOG Exploration Company d/b/a LLOG Bluewater Holdings, LLC is domiciled, but no service was requested as to this lawsuit because the plaintiff intended (and continues to intend) to proceed in the 15th Judicial District Court of Lafayette Parish. (Exhibit "A" – Plaintiff's 15th JDC Petition for Damages).

After filing the above suits, on April 22, 2022, the defendants removed the 15th JDC claims – which had been served on the defendants – to the Western District of Lafayette despite the bar to removal of Jones Act cases. (Exhibit "B" – Defendants' WDLA Notice of Removal).

Additionally, on the same day, the defendants removed the 22nd JDC claims – the service of which has not been requested – to the Eastern District of Louisiana in New Orleans. (Exhibit "C" – Defendants' EDLA Notice of Removal). After removing these suits, the defendants filed the present Motion to Transfer this lawsuit to the Eastern District on April 29, 2022. (Exhibit "D" – Motion to Transfer).

Notwithstanding that this matter was improperly removed, defendants cannot show that the Eastern District is a more convenient forum than the Western District, particularly in light of the extra weight given to a plaintiff's choice of forum. To this end, defendants argument that the plaintiff implicitly acknowledges the Eastern District as a proper forum is of no moment because the corollary is equally true: defendants have requested a voluntary transfer of this suit to the Eastern District, not a compulsory one. Because Lafayette is at minimum equally as convenient to try this case and because the plaintiff's choice of forum is given significant consideration in determining whether to transfer a suit, defendants' Motion should be denied.

## II.   LAW AND ARGUMENT

Transferring this case to the Eastern District of Louisiana will not result in a more convenience for the parties or witnesses to this suit. If anything, transferring this matter will only result in delay and confusion of this claim over which this forum has a significant amount of interest in adjudicating. Moreover, considering the weight given to the plaintiff's choice of forum, particularly where the forum is the plaintiff's domicile, this Court should remain the forum for this suit.

### A.  Standard for 28 U.S.C § 1404 Venue Transfers

As the Fifth Circuit has explained, determining whether a motion to transfer venue is proper requires consideration of § 1404(a), which speaks to the issue of "the convenience of parties and

witnesses" and to the issue of "in the interest of justice." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The determination of "convenience" turns on a number of private and public interest factors, none of which are given dispositive weight. *Id*. (citing *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 70 L. Ed. 2d 419, 102 S. Ct. 252 (1981).

The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id*.

The Fifth Circuit has also held that "it is clear […] that the plaintiff's choice of [venue] is clearly a factor to be considered […]." *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003). Moreover, "the plaintiff's privilege of choosing his venue, at the very least, places the burden on the defendants to demonstrate why the forum should be changed." *Time, Inc. v. Manning*, 366 F. 2d 690, 698 (5th Cir. 1966). As such, "[a]lthough a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer." *In re Volkswagen*, 545 F.3d at 314.

**B. The private factors do not suggest a transfer would make this suit more convenient for all parties and witnesses.**

The private factors in this case simply do not suggest that the Eastern District is a more convenient forum. First, the relative ease of the access to sources of proof is no different in the Western District than it is in the Eastern District. If anything, there is easier access to proof in the Western District because the decedent's family lives here who will ultimately provide testimony with respect to the wrongful death and survivor claims asserted herein. Moreover, Mr. Crochet's Jones Act employer, Franks International, LLC, is domiciled in Lafayette. Many, if not all, of the decedent's personnel records and wage records are in the Western District.

That the Eastern District may provide quicker access to the vessel on which Mr. Crochet died is of no moment. The allegations of this case are that the defendants failed to provide treatment or medical attention to Mr. Crochet as he suffered for hours from a heart attack. The *MV WEST NEPTUNE* does not – save for some exceptional circumstance – need to be inspected as it was the negligent behavior of the defendants that caused Mr. Crochet's death. Furthermore, any findings by the coroner can be, and have been, examined here in the Western District thanks to email and the production of paper copies of the report. For these reasons, the Western District actually affords better access to sources of proof than the Eastern District.

Second, the Western District has, at minimum, equal availability of compulsory process to secure the attendance of witnesses as the Eastern District. Defendants argue that the Western District does not have absolute subpoena power over non-party witnesses located in Lafourche. The corollary is also true because the Eastern District does not have absolute subpoena power over non-party witnesses in Lafayette and the surrounding areas. In this regard, the Western District is as good a forum as the Eastern District.

Third, the cost of attendance for willing witnesses in the Western District is equal to that of the Eastern District. Defendants argue that the international airport in New Orleans makes it easier for witnesses to get to court, but this is a distinction without difference. Lafayette has constructed a new, state of the art airport that receives direct flights from Houston, where Seadrill is located, and is equally situated to allow out of town witnesses to reach the courthouse. Moreover, not only is defendant Franks International located in the Western District, so too is the plaintiff. In this respect, the Western District is more convenient as more parties live within the Western District.

Fourth, and last among the public private interest factors, Lafayette is the easiest, most expeditious, and least expensive place to try this case. The lodging in Lafayette for out-of-town witnesses is by and large less expensive than that available in New Orleans, and access to the courthouse is certainly more convenient considering the Western District's ample parking. That Mr. Crochet's autopsy took place in the Eastern District is of no moment whatsoever, especially considering that his family lives in Lafayette and a coroner's report completed in the Eastern District is abundantly easy to obtain in the Western District.

Defendants also claim that venue should be transferred to the Eastern District because that is where they first filed a removal of these claims. However, the suit filed in St. Tammany Parish was not even served on the defendants. Rather, defendants took the time, energy, and effort to monitor the filings made in the 22nd Judicial District so as to file a removal on a suit in which service was being withheld. Moreover, defendants have been actively litigating in this suit, which was in fact served on the defendants and answered by the defendants. Setting aside the fact that the plaintiff's Jones Act claims were improperly removed, the Western District is a more favorable forum to litigate this case because of the easier courthouse access and location of the parties.

### C. The private interest factors do not militate in favor of a transfer.

As is the case above, the private interest factors do not militate in favor of a transfer to the Eastern District. First, there are no administrative difficulties which stem from docket congestion in the Western District as compared to the Eastern District. Moreover, the defendants assertion that this suit has no meaningful contacts Western District is simply incorrect. The plaintiff is located in Lafayette and a defendant is located in Lafayette. As the Fifth Circuit admonished, "[a]lthough a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer." *In re Volkswagen*, 545 F.3d at 314. Accordingly, the Western District should maintain this suit.

Second, the Western District has a significant interest in maintaining this suit because a defendant lives here as well as the plaintiff and the rest of the decedent's family. That this accident occurred offshore, potentially in a location closer to the Eastern District, does not overcome the connection of the Western District to this claim, particularly because the decedent's direct employer is domiciled here and because the decedent lived here. To this end, the defendants again raise arguments as to Mr. Crochet's status as a Jones Act seaman, which is premature and wholly inappropriate in the context of a motion to transfer venue. Franks International is nonetheless a defendant to this suit and is substantially connected to the Western District. Thus, the Western District has a far greater interest in adjudicating this case than the Eastern District.

The third and fourth factors regarding familiarity of the forum with the law that will govern the case and the avoidance of unnecessary problems of conflict of laws of the application of foreign law are equal in both forums.

The foregoing considered, and particularly in light of the significant interest the Western District has in adjudicating these claims, this case should remain in the Western District.

### III. CONCLUSION

This suit should remain in the Western District as it was the first file and only served on the defendants. Defendants' procedural gamesmanship of removing this matter as well as a safety suit filed in St. Tammany over which service was withheld has only resulted in increased burden on both the Western and Eastern District Courts, particularly in light of the bar to removal contained in the savings to suitors clause of the Jones Act. The simple facts are that the Western District is a more convenient forum than the Eastern District. Therefore, if this matter is not remanded back to the 15th Judicial District Court of Lafayette, the Western District should remain the forum for this matter.

Respectfully submitted,

BROUSSARD & DAVID, LLC

*/s/ Jerome H. Moroux*

JEROME H. MOROUX (#32666)
SCOTT M. RICHARD (#36643)
557 Jefferson Street
P.O. Box 3524
Lafayette, Louisiana 70502-3524
PH: 337-233-2323
FX: 337-233-2353
EMAIL: jerome@broussard-david.com
EMAIL: scott@broussard-david.com
COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I, the undersigned, counsel for Plaintiff, do hereby certify that I have this day filed the above and foregoing document using the Court's ECF electronic filing system.

Lafayette, Louisiana, this 20th day of May, 2022.

*/s/ Jerome H. Moroux*

JEROME H. MOROUX