# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERYL CROCHET and ALEXANDRIA CROCHET, individually and on behalf of decedent, CHRISTOPHER CROCHET** | **CIVIL ACTION**<br><br>**NO. 22-1076** |
| **VERSUS** | **JUDGE HICKS** |
| **SEADRILL AMERICAS, INC., ABC INSURANCE COMPANY, WEST NEPTUNE, FRANK'S INTERNATIONAL, LLC, DEF INSURANCE COMPANY, LLOG EXPLORATION COMPANY, LLC d/b/a LLOG BLUEWATER HOLDINGS, LLC, and XYZ INSURANCE COMPANY** | **MAGISTRATE JUDGE HANNA** |

## MOTION TO TRANSFER VENUE

NOW INTO COURT, through undersigned counsel, come defendants, Frank's International, LLC, LLOG Exploration Company, LLC, and Seadrill Americas, Inc. (collectively, "Defendants"), who respectfully move this Honorable Court to transfer venue under 28 U.S.C. § 1404(a).

WHEREFORE, for the reasons more fully set forth in the accompanying memorandum in support, Defendants urge the Court to grant the relief sought.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Evans Martin McLeod*
      Evans Martin McLeod, (Bar #24846)
      Justin C. Warner, (Bar #37349)
      Magdalini Galitou, (Bar #38473)
      Canal Place | 365 Canal Street, Suite 2000
      New Orleans, Louisiana 70130-6534
      Telephone: 504-566-1311
      Telecopier: 504-568-9130
      marty.mcleod@phelps.com
      justin.warner@phelps.com
      magdalini.galitou@phelps.com

ATTORNEYS FOR FRANK'S INTERNATIONAL, L.L.C., LLOG EXPLORATION COMPANY, LLC AND SEADRILL AMERICAS, INC.

2

PD.37363539.1

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERYL CROCHET and ALEXANDRIA CROCHET, individually and on behalf of decedent, CHRISTOPHER CROCHET** | **CIVIL ACTION**<br><br>**NO. 22-1076** |
| **VERSUS** | **JUDGE HICKS** |
| **SEADRILL AMERICAS, INC., ABC INSURANCE COMPANY, WEST NEPTUNE, FRANK'S INTERNATIONAL, LLC, DEF INSURANCE COMPANY, LLOG EXPLORATION COMPANY, LLC d/b/a LLOG BLUEWATER HOLDINGS, LLC, and XYZ INSURANCE COMPANY** | **MAGISTRATE JUDGE HANNA** |

### ORDER

Considering the foregoing motion,

IT IS ORDERED that the Motion to Transfer Venue filed on behalf of defendants' Seadrill Americas, Inc., Frank's International, LLC, and LLOG Exploration Company, LLC, is GRANTED;

IT IS FURTHER ORDERED, that the case is transferred to the United States District Court for the Eastern District of Louisiana.

_____, Louisiana, this \_\_\_\_ day of _____, 2022.

_____
UNITED STATES DISTRICT JUDGE

1

PD.37363749.1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERYL CROCHET and ALEXANDRIA CROCHET, individually and on behalf of decedent, CHRISTOPHER CROCHET** | **CIVIL ACTION** <br><br> **NO. 22-1076** |
| **VERSUS** | **JUDGE HICKS** |
| **SEADRILL AMERICAS, INC., ABC INSURANCE COMPANY, WEST NEPTUNE, FRANK'S INTERNATIONAL, LLC, DEF INSURANCE COMPANY, LLOG EXPLORATION COMPANY, LLC d/b/a LLOG BLUEWATER HOLDINGS, LLC, and XYZ INSURANCE COMPANY** | **MAGISTRATE JUDGE HANNA** |

**MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE**

**MAY IT PLEASE THE COURT:**

Defendants Seadrill Americas, Inc., Frank's International, LLC, and LLOG Exploration Company, LLC, and (collectively, "Defendants") submit this memorandum in support of their motion to transfer venue to the United States District Court for the Eastern District of Louisiana according to 28 U.S.C. § 1404(a) so that it can be consolidated with an identical suit pending there.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

This case arises out of an incident that occurred on or about March 18, 2021, on a drilling ship, the WEST NEPTUNE that was involved in oil and gas drilling operations on the Outer Continental Shelf ("OCS"), offshore Lafourche Parish, Louisiana.

As a result of the incident, on March 16, 2022, Cheryl Crochet and Alexandria Crochet (together, "plaintiffs") alleged survivors of decedent Cristopher Crochet ("Crochet") filed, individually and on behalf of decedent a civil action naming Frank's International, LLC ("Frank's"), LLOG Exploration Company, LLC ("LLOG") allegedly d/b/a LLOG Bluewater Holdings, LLC, and Seadrill Americas, Inc. ("Seadrill") as the defendants in case number 2022-

1

110584H, *Cheryl Crochet and Alexandria Crochet, individually and on behalf of decedent, Cristopher Crochet v. Seadrill Americas, Inc., et al.* in the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana (the "St. Tammany suit").[1] In their petition for damages, plaintiffs assert claims of Jones Act, unseaworthiness, survival action under LSA-CC Art. 2315.1, wrongful death action under LSA-CC Art. 2315.2, and action under 33 U.S.C 905(b) against all three defendants.[2]

Also, on March 16, 2022, plaintiffs filed a second, identical suit, individually and on behalf of decedent a civil action naming again Frank's as the defendants in case number C-20221356 C, *Cheryl Crochet and Alexandria Crochet, individually and on behalf of decedent, Cristopher Crochet v. Seadrill Americas, Inc., et al.* in the 15th Judicial District Court for the Parish of Lafayette, Louisiana (the "Lafayette suit").[3]

On April 22, 2022, according to 28 U.S.C. 1446(b)(1), Defendants timely filed a Notice of Removal removing the St. Tammany state court suit to the United States District Court for the Eastern District of Louisiana, because (1) plaintiffs had improperly asserted claims under the Jones Act because Mr. Crochet was not a Jones Act seaman; (2) plaintiffs' claims fell under the Outer Continental Shelf Lands Act (the "OSCLA"), 43 U.S.C. § 1349(b)(1) and 43 U.S.C. § 1333(a)(1)-(2), which gives federal district courts original jurisdiction; and (3) plaintiffs' *in rem* claims against the Vessel are removable because federal courts have original and exclusive jurisdiction over such claims, notwithstanding the Saving to Suitors exception to federal admiralty jurisdiction, *see Finney v. Bd. of Commissioners of Port of New Orleans,* No. CV 21-1186, 2021 WL 5905642, at *7–10 (E.D. La. Dec. 14, 2021).[4] Defendants timely filed a Notice of Removal removing the

---

[1] *See,* plaintiffs' St. Tammany petition for damages, attached hereto as Exhibit 1.
[2] *Id.*
[3] *See,* plaintiffs' Lafayette petition for damages, attached hereto as Exhibit 2.
[4] *See* copy of filed First Notice of Removal, attached hereto as Exhibit 3.

2

PD.37418688.1

Lafayette state court suit to the United States District Court for the Western District of Louisiana for the same reasons outlined above.[5]

Also, on April 22, 2022, Defendants filed their respective answers and defenses to plaintiffs' St. Tammany state court suit, now removed to United States District Courts for the Eastern District of Louisiana and to plaintiffs' Lafayette state court suit, now removed to the Western District of Louisiana.[6]

Defendants respectfully submit that the present action should be transferred to the Eastern District of Louisiana under 28 U.S.C. §1404(a) because the Eastern District is where defendants filed their first removal, where the incident occurred, and where the one correct Louisiana defendant LLOG resides, so that the two identical suits can be consolidated. Frank's was improperly named as a Jones Act defendant, and Seadrill is based in Texas. Interests of convenience and justice strongly favor avoiding duplicative litigation arising from a single incident, the conservation of judicial resources and the comprehensive disposition of this matter by one federal court.

## II. LAW AND ANALYSIS

### A. Venue should be transferred in the interests of convenience and justice.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In determining whether a venue transfer is warranted, the Fifth Circuit has adopted the private and public interest factors first enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

---

[5] *See* copy of filed Second Notice of Removal, attached hereto as Exhibit 4.
[6] *See* copies of answers filed by defendants, attached hereto *in globo* as Exhibit 5.

The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG,* 371 F.3d 203 (5th Cir.2004) (internal citations omitted). The term "witnesses" is not limited to the witnesses in the original complaint, but instead included witnesses in all claims and controversies properly joined. *Id.* at 204. The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

As a preliminary matter, plaintiffs implicitly acknowledge that the Eastern District is a proper venue to bring their suit against defendants because plaintiffs have, in fact, filed suit against defendants in the 22nd Judicial District in St. Tammany, in the Eastern District. Additionally, the Eastern District of Louisiana is where defendant LLOG resides and where the incident is deemed to have occurred as it is the district closest to the incident. Specifically, the entirety of the incident occurred while the Vessel was offshore, off the coast of Lafourche Parish, in Southeast Louisiana[7] which is offshore the Eastern District of Louisiana. *See Byrnes v. Parker Drilling Offshore USA, LLC*, No. CIV.A. 05-2089, 2006 WL 1098900, at *2 (E.D. La. Feb. 16, 2006) (citing *Campbell v. Dynamic Cranes, L.L.C.,* 2005 WL 2562091, *3 (S.D.Tex. Oct.6, 2005) (finding that the location of wrongdoing weighed in favor of transferring the case from the Eastern District of Louisiana where it was filed to the Western District of Louisiana, on the basis that the rig where plaintiff's

---

[7] See Rec. Doc. 1-2, Declaration of Michael James Brooks Exhibits included therein.

4

PD.37418688.1

injury occurred was located off the coast of Cameron Parish, in the Western District, which was closer to the transferee district than to the Eastern District).

Next, both the private and public interest factors in this case favor transfer to the Eastern District of Louisiana where the defendants' first removal was filed in connection with plaintiffs' underlying St. Tammany state court suit. Specifically, as to private factors:

(1) The relative ease of access to sources of proof favors transfer as, upon the limited information available to date, a significant number of the documents and physical evidence relating to the incident are located in Lafourche Parish, the adjacent state parish to the location of the incident. First, the Vessel is located off the coast of Lafourche Parish in the Eastern District, such that access to it for any potential inspection should be easier from the Eastern District than the Western District. Also, Lafourche Parish is where Mr. Crochet's body was transported via medivac to be examined at Ochsner St. Anne's in Raceland, Louisiana. Further, Dr. John C. King, Lafourche Parish Coroner is the coroner that examined Mr. Crochet's body after it was transferred ashore.

(2) The availability of compulsory process favors transfer as the Western District does not have absolute subpoena power over the non-party witnesses located in Lafourche Parish;

(3) The cost of attendance for willing witnesses factor favors transfer as the Eastern District is more convenient for all relevant witnesses due to its international airport and location of defendant of LLOG;

(4) All other practical problems that make trial of a case easy, expeditious and inexpensive also weigh in favor of transfer as the most efficient place to try this case is the Eastern District which is the district where the incident occurred, *see Byrnes v. Parker Drilling Offshore USA,*

*LLC*, No. CIV.A. 05-2089, 2006 WL 1098900, at *2 (E.D. La. Feb. 16, 2006), where Mr. Crochet's autopsy took place, and where defendants filed their first notice of removal.

Additionally, the transfer of the instant suit to the Eastern District and proceed in one instead of two different federal courts and avoid duplicative litigation resulting from a single event will save time, energy, and money while at the same protect litigants, witnesses, and the public against unnecessary inconvenience. The interest of justice strongly favor the transfer of the present suit to the Eastern District where defendants filed their first removal, such that an identical suit with the instant is now pending there. "Pursuant to no logical analysis can it be said that utilizing the resources of two courts to resolve the same issues involving the same parties is efficient." *See Quantum, Catalytics, LLC v. VantagePoint Venture Partners,* 2008 WL 5272483, at *3 (S.D. Tex. 2008).

Moreover, the public factors also weigh in favor of transfer:

(1)    Administrative difficulties for the court flowing from docket congestion also favor transfer as local controversies in the Western District should not be delayed for a suit that does not have any meaningful contacts with the district.

(2)    The local interest in having localized interests decided at home favors transfer as the Eastern District is the district closest to the location of the incident, the Vessel is located off the coast off Lafourche Parish, a Lafourche Parish coroner performed Mr. Crochet's autopsy, Mr. Crochet's body was transferred to a Lafourche medical facility when evacuated from the Vessel, and relevant defendant LLOG resides in the Eastern District; on the other hand, none of the facts giving rise to this suit occurred in the Western District and the only defendant, Frank's International, that has any connection to that district was named defendant in its alleged capacity as Mr. Crochet's Jones Act employer. But, as detailed in defendants' Notice of Removal, Mr.

6

Crochet did not meet the requirements for seaman status because he spent less than 30% of his time at Frank's International in the service of a vessel or fleet of vessels under common ownership. As such, Frank's International is tort-immune and should be dismissed as defendant, which eliminates any defendant contact of the instant suit and underlying dispute with the Western District.

(3) and (4) Familiarity with law/application of foreign law: both courts are familiar and experienced with seaman status and Jones Act claims and the application of general maritime law.

### III.  CONCLUSION

The instant suit should be transferred to the Eastern District of Louisiana according to 28 U.S.C. § 1404(a) because there is an identical suit currently pending in the Eastern District of Louisiana, arising from the same alleged incident, which occurred offshore of the Eastern District of Louisiana. Interests of convenience and justice support transfer of this suit and the conservation of judicial resources and the parties and witnesses' time and energy.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Evans Martin McLeod*
Evans Martin McLeod, (Bar #24846)
Justin C. Warner, (Bar #37349)
Magdalini Galitou, (Bar #38473)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
marty.mcleod@phelps.com
justin.warner@phelps.com
magdalini.galitou@phelps.com

ATTORNEYS FOR FRANK'S INTERNATIONAL, L.L.C., LLOG EXPLORATION COMPANY, LLC AND SEADRILL AMERICAS, INC.